UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ILEANA M. DAVIDE, et al.,
Petitioners,

v.

UBER TECHNOLOGIES, INC.,
Respondent.

**PETITION FOR ORDER COMPELLING ARBITRATION**

FILED BY _____ D.C.
JAN 11 2019
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

_____/

Petitioners file this Petition for an Order Compelling Arbitration ("Petition") against Respondent Uber Technologies, Inc. ("Uber"), as follows:

## NATURE OF THE PETITION

1. Petitioners brings this petition to enforce the arbitration provisions included in their services agreement with Uber.

2. Beginning on October 19, 2018, Petitioner filed their individual arbitration demand against Uber. Petitioner seek to arbitrate their claim against Uber for improperly assessing a cleaning fee. Among their causes of action, Petitioner asserts claims for Unjust Enrichment & Conspiracy to Defraud.

3. As of November 13, 2018, the demand has been filed with AAA.

4. The arbitration provision contained in Uber's services agreement requires users to seek arbitration in the event of a dispute. All riders are governed by the terms of service that mandate arbitration. It has been more than two months since the Petitioner served their arbitration demand, yet Uber has refused to pay the necessary fees to commence and administer arbitration. Uber's refusal to pay any fees means the arbitrations cannot even commence, let alone proceed to a preliminary hearing.

# JURISDICTION

5. This Court has jurisdiction over this action pursuant to 9 U.S.C. § 4 and 28 U.S.C. §§ 1331, 1367. Venue exists under 9 U.S.C. § 4 and 28 U.S.C. § 1391(b).

# INTRADISTRICT ASSIGNMENT

6. This action is properly assigned to the Miami Division of this District pursuant to Civil Local Rules and because a substantial part of the events or omissions which give rise to the claim occurred in Miami-Dade County, which is served by the Miami Division.

# RELEVANT FACTS

## A. Petitioner Files Arbitration Demands Pursuant To Their Services Agreement with Uber

## B. The Arbitration Provisions

7. Petitioner's dispute with Uber arises out of an it's online terms of use agreement that contain an extensive arbitration provision.

8. The agreement requires Petitioner to arbitrate "all disputes between you and the Company or Uber ... including but not limited to any disputes arising out of or related to this Agreement and disputes arising out of or related to your relationship with the Company or Uber."

9. In fact, the areement, the arbitration provision "applies to disputes regarding any city, county, state or federal law ... and claims arising under them ... and state statutes, if any, addressing the same or similar subject matters, and all other similar federal, state and/or local statutory and common law claims."

10. Petitioners' allegations in their demands for arbitration regarding their claim falls within the scope of these provisions.

11. The arbitration provision states—in a section titled "Paying For The Arbitration"—that Petitioners "will not be required to bear any type of fee or expense that [they] would not be required to bear if [they] had filed the action in a court of law. Any disputes in that regard will be resolved by the Arbitrator as soon as practicable after the Arbitrator is selected, and Company shall bear all of the Arbitrator's and arbitration fees until such time as the Arbitrator resolves any such dispute."

### C. Uber Has Refused To Commence The Arbitration

12. In defending the validity of its arbitration provisions and promoting arbitration as a viable alternative to the courts, Uber has not responded to the AAA or made any payment towards the costs associated with arbitration.

13. Pursuant to AAA's procedure, Uber's payment of the filing fee triggers the commencement of the arbitration. To date, Uber has not paid the filing fee.

14. Uber knows that its failure to pay the filing fees has prevented the arbitrations from commencing. Throughout this process, AAA has repeatedly advised Uber that AAA is "missing the NON-REFUNDABLE filing fee of $3,000 for the demand, made payable to AAA." AAA has also informed Uber that "[u]ntil the Filing Fee is received we will be unable to proceed with the administration of these matters."

15. Thus, despite Uber's proclamation that the "entire purpose of arbitration is to provide an inexpensive and expeditious means of resolving disputes," its quest to resolve disputes in individual arbitration instead of using the courts, *and* its knowledge of the effect of the nonpayment of arbitration fees, the petition cannot proceed toward a hearing.

16. Under 9 U.S.C. § 4, it is not in dispute that the parties entered an arbitration agreement requiring them to arbitrate. It is also undisputed that Uber has failed and refused to adhere to its obligation to arbitrate under the agreement. Uber's decision to not participate is unjustified, frivolous, and done for improper purposes.

17. Accordingly, this Court should compel Uber to arbitrate under 9 U.S.C. § 4. Further, the Court should sanction Uber for its dilatory, bad faith conduct under 28 U.S.C. § 1927 and the Court's inherent power. *Cf. Int'l Union of Petroleum and Indus. Workers v. Western Indus. Maintenance Inc.*, 707 F.2d 425

(9th Cir. 1983) (upholding sanctions for unjustified refusal to abide by arbitrator's award, including frivolous delay tactics); *Sheet Metal Workers' Int'l Assoc. Local Union No. 359 v. Madison Indus., Inc. of Arizona*, 84 F.3d 1186, 1192 (9th Cir.1996) (upholding sanctions for flatly refusing to honor arbitration award); *Road Sprinkler Fitters Union No. 669, U.A, AFL-CIO v. Cosco Fire Protection, Inc.*, 363 F. Supp. 2d 1220, 1226 (C.D. Cal. 2005) (awarding sanctions where defendants asserted a series of defenses indicating a bad-faith intent to delay arbitration). Under this established case law, an "award of fees is appropriate when a party frivolously or in bad faith refuses to submit a dispute to arbitration." *Road Sprinkler Fitters*, 363 F. Supp. 2d at 1226 (citation omitted).

## PRAYER FOR RELIEF

WHEREFORE, Petitioners respectfully request that the Court:

1. Enter an order compelling Uber to arbitrate Petitioners' demand for arbitration, including engaging in arbitration proceedings by paying the filing fees, participating in the selection of the arbitrator, and paying the requisite retainer for the selected arbitrator.

2. Awarding Petitioners' attorneys' fees and costs; and

3. Awarding such other and further relief as the Court deems just and proper.

Dated: December 5, 2018                    ILEANA M. DAVIDE, PRO SE

                                           By: _____