UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:19-cv-20161-CMA

ILEANA M. DAVIDE,

    Petitioner,

vs.

UBER TECHNOLOGIES, INC.,

    Respondent.

_____/

**RESPONDENT UBER TECHNOLOGIES, INC.'S MOTION TO COMPEL
ARBITRATION AND ACCOMPANYING MEMORANDUM OF LAW IN SUPPORT**

    Respondent, Uber Technologies, Inc. ("Uber" or "Respondent"), pursuant to the Federal Arbitration Act, moves to compel Petitioner Ileana Davide's ("Petitioner") claims to arbitration as required by the binding arbitration provision to which she agreed.

    This motion should be granted for the reasons set forth in the accompanying memorandum of law in support.

## INTRODUCTION

    Uber seeks to resolve Petitioner's Petition to Compel Arbitration by moving the Court to enter an order enforcing the Parties' arbitration agreement and compelling arbitration of Petitioner's claims. As evidenced by Petitioner's Petition and this motion and supporting declarations, the Parties agree that they entered into a broad, valid and enforceable agreement to arbitrate any claims Petitioner may have against Uber.

    In recognition of the Parties' agreement, Petitioner filed an arbitration demand with AAA, which Uber has been and is ready and willing to arbitrate. Petitioner then filed this unnecessary

Petition to Compel Arbitration affirming the Parties' Arbitration Agreement. Uber agrees arbitration should be compelled and now moves the Court to resolve Petitioner's Petition by issuing an order compelling arbitration of her claims.

## **FACTUAL BACKGROUND**

Uber is a technology company that offers a mobile smartphone software application (the Uber App) to connect riders looking for transportation with available drivers based on their location. *See* Declaration of Paul Holden ("Holden Decl.") ¶ 2. The Uber App allows the public to request transportation services from independent, third-party transportation providers in their local area. *Id.*

According to Uber's records, Petitioner registered for an Uber rider account on January 31, 2014, via the iOS version of the Uber App. Holden Decl. ¶ 5; *see also* Declaration of Dylan Tonti ("Tonti Decl") ¶ 4. Before riders may request and pay for third-party transportation services through the Uber App, they must register by creating an Uber account and agreeing to Uber's "Terms and Conditions" or "Terms of Use" ("Terms"), including the Arbitration Agreement. *See* Holden Decl. ¶ 4. When Petitioner completed the registration process, she agreed to Uber's Terms. *See* Holden Decl. ¶¶ 5-8 (describing registration process); Tonti Decl. ¶ 5, Ex. A. She further agreed to Uber's Terms when she continued using the Uber App after being sent notice in November 2016 regarding updates to Uber's Terms. *See* Tonti Decl. ¶¶ 6-7, Exs. B, C.

The Terms contain a section entitled "Arbitration Agreement," which states in part: "You and Uber agree that any dispute, claim or controversy arising out of or relating to (a) these Terms or the existence, breach, termination, enforcement, interpretation or validity thereof, or (b) your access to or use of the Services at any time, whether before or after the date you agreed to the Terms, will be settled by binding arbitration between you and Uber, and not in a court of law."

Tonti Decl., Ex. C.  The Terms also specify that the American Arbitration Association ("AAA") will oversee any dispute and incorporates the AAA's rules.  *Id.*

## LEGAL ARGUMENT

### I. PETITIONER'S CLAIMS ARE SUBJECT TO ARBITRATION

As Petitioner contends and Uber agrees, she entered into a valid and enforceable Arbitration Agreement and expressly agreed to pursue her claims through arbitration rather than in court.  Petitioner further agreed that an arbitrator—not a court—shall address the scope and enforceability of the Arbitration Agreement.  The Court should therefore order Petitioner to arbitrate her claims pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1–16.

Enforceability of an arbitration agreement in federal court is generally governed by the FAA.  *See, e.g.*, *Caley v. Gulfstream Aerospace Corp.* 428 F. 3d 1359 (11th Cir. 2005).  "It is now basic hornbook law that the [FAA] . . . reflects both a liberal federal policy favoring arbitration and the fundamental principle that arbitration is a matter of contract." *Jones v. Waffle House, Inc.*, 866 F.3d 1257, 1263-64 (11th Cir. 2017) (citations omitted).  Accordingly, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or the allegation of waiver, delay, or a like defense to arbitrability." *Jones*, 866 F.3d at 1265; *see also Ruby–Collins, Inc. v. City of Huntsville, Ala.*, 748 F.2d 573, 576 (11th Cir. 1984) ("federal policy requires that we construe arbitration clauses generously, resolving all doubts in favor of arbitration").

Thus, "[t]he FAA requires a court to either stay or dismiss a lawsuit and to compel arbitration upon a showing that (a) the plaintiff entered into a written arbitration agreement that is enforceable 'under ordinary state-law' contract principles, and (b) the claims before the Court fall within the scope of that agreement." *Lambert v. Austin Ind.*, 544 F.3d 1192, 1195 (11th Cir. 2008).

Further, when the parties agree to arbitrate gateway questions of arbitrability, including the enforceability, scope, applicability, and interpretation of the arbitration agreement, the arbitrator, rather than the court, must address the threshold question of arbitrability. *See Jones*, 866 F.3d at 1264 (explaining that an antecedent agreement known as a "delegation provision" is enforceable and affirming that "[w]hen an arbitration agreement contains a delegation provision – committing to the arbitrator the threshold determination of whether the agreement to arbitrate is enforceable – the courts only retain jurisdiction to review a challenge of that specific provision").

Here, the Parties agreed to delegate the question of arbitrability to the arbitrator by clearly and unmistakably agreeing that (1) "[a]ny dispute, claim or controversy arising out of or relating to . . . [the Agreement] or the breach, termination, enforcement, interpretation or validity thereof . . ." will be arbitrated; and (2) "[t]he arbitration will be administered by the American Arbitration Association ("AAA") in accordance with AAA's Consumer Arbitration Rules and the Supplementary Procedures for Consumer Related Disputes (the "AAA Rules") clause." Tonti Decl., Ex. C at 2; *Terminex Int'l Co., v. Palmer Ranch Ltd. P'shp*, 432 F.3d 1327, 1332 (11th Cir. 2005) (by incorporating the AAA rules, the parties clearly and unmistakably delegated arbitrability to the arbitrator). Therefore, any question as to the validity, enforcement and interpretation of the Arbitration Agreement, and whether it applies to this dispute, has been delegated to, and must be decided by, the arbitrator in the first instance. *Schuster v. Uber Tech., Inc.,* 2019 WL 5435441 (M.D. Fla. Feb. 7, 2019) (granting motion to compel arbitration of identical online agreement and and deferring issues of arbitrability to the arbitrator), <u>citing</u> *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 531 (2019) (court must enforce arbitration delegation clause even if the argument for arbitration is specious).

Yet, even if the Court does not enforce the delegation clause—and it must *Henry Schein*, 139 S. Ct. at 531—the Court should nonetheless compel arbitration. Here, the parties voluntarily entered into a written mutual agreement to arbitrate any disputes, as evidenced by Petitioner's acceptance of the Terms, her own filing of a AAA Arbitration Demand, and her filing of a Petition to Compel Arbitration. *See* Holden Decl. ¶¶ 5-8; Petition for Order Compelling Arbitration (Jan. 11, 2019), Doc. No. 1. Courts nationwide including in Florida overwhelmingly have enforced Uber's arbitration agreements. *See, e.g, Gray v. Uber Tech., Inc.*, 2019 WL 962760 (M.D. Fla. Feb. 27, 2019); *Lamour v. Uber Techs., Inc.*, No. 1:16-21449-CIV-MARTINEZ-GOODMAN, 2017 WL 878712 at *5 (S.D. Fla. Mar. 1, 2017); *Rimel v. Uber Techs., Inc. et al.*, No. 6:15-cv-2191, 2017 WL 1191384 at *1 (M.D. Fla. Aug. 4, 2016); *see also Meyer v. Uber Techs., Inc.*, 868 F.3d 66, 80 (2d Cir. 2017); *West v. Uber Techs., Inc.*, No. 2:18-cv-3001-PSG-GJS, ECF No. 47, at 4-6 (C.D. Cal. Sept. 5, 2018); *Webber v. Uber Techs., Inc.*, No. 2:18-cv-02941-PSG-GJS, ECF No. 58, at 4-6 (C.D. Cal. Sept. 5, 2018); *Flores v. Uber Techs., Inc.*, No. 17-cv-08503-PSG-GJS, ECF No. 62, at 6-7 (C.D. Cal. Sept. 5, 2018); *Cordas v. Uber Techs., Inc.*, 228 F. Supp. 3d 985, 992 (N.D. Cal. 2017).

And, while any issue regarding the scope of the agreement has been delegated to the arbitrator, Plaintiff's claims (which relate to cleaning fees collected as a result of rides) are undoubtedly within her agreement to arbitrate any dispute, claim or controversy arising out of or relating to the Terms or the breach, termination, enforcement, interpretation, or validity thereof or her use of Uber's Services. *See* Tonti Decl.,¶ 3, Ex. C at 2; *Schatt v. Aventura Limousine & Transp. Serv., Inc.*, No. 10–CV–22353, 2010 WL 4942654, at *4 (S.D. Fla. Nov. 30, 2010) ("phrase 'arising out of or relating to' the contract has been interpreted broadly as to encompass virtually

all disputes between contracting parties." (quoting *Seifert v. U.S. Home Corp.,* 750 So.2d 633, 636 (Fla.1999))).

## CONCLUSION

WHEREFORE, Uber respectfully request this Court enter an Order compelling Petitioner's claim to arbitration.

## CERTIFICATE OF COUNSEL

Pursuant to S.D. Fla L.R. 7.1(A)(3), Uber's counsel has conferred with Plaintiff but has been unable to obtain a response from Plaintiff regarding whether Plaintiff opposes this Motion.

Dated: March 4, 2019

Respectfully Submitted:

**UBER TECHNOLOGIES, INC.**

By:/s/ *Edward M. Mullins*
Edward M. Mullins, Esq.
emullins@reedsmith.com
FBN: 863920
Brandon T. White, Esq.
FBN: 106792
bwhite@reedsmith.com
**REED SMITH LLP**
1001 Brickell Bay Drive, 9th Floor
Miami, FL 33131
Phone: 786.747.0222
Fascimile: 786.747.0299
bwhite@reedsmith.com
***Counsel for Defendant Uber Technologies, Inc.***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 4, 2019, a true and correct copy of the foregoing was filed electronically using the Court's CM/ECF system on all registered users of the CM/ECF system and via U.S. Mail to:

Ileana M. Davide, Pro Se
9415 Sunset Drive, #274
Miami, FL 33173

>                                        */s/ Edward M. Mullins*
>                                        Edward M. Mullins, Esq.