UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:19-cv-20161-CMA

ILEANA M. DAVIDE,

      Plaintiff,

vs.

UBER TECHNOLOGIES, INC.,

      Defendant.
_____/

## UBER TECHNOLOGIES, INC.'S MOTION TO CONFIRM AND ENFORCE FINAL ARBITRATION AWARD AND MEMORANDUM IN SUPPORT

Defendant, Uber Technologies, Inc. ("Uber" or "Respondent"), moves to confirm and enforce the consent award entered on April 17, 2019 (the "Award") resolving Plaintiff Ileana M. Divide's ("Mrs. Davide") claim.

As set forth below in the accompanying Memorandum of Law in Support, the consent Award should be confirmed.

### MEMORANDUM OF LAW IN SUPPORT

### INTRODUCTION

This action is a summary procedure to confirm the above-described Award, which is subject to confirmation pursuant to Chapters 1 and 2 of the Federal Arbitration Act ("FAA"). As set forth more fully below, Uber and Mrs. Davide conducted arbitration pursuant to Uber's Terms and Conditions entered into between them parties, which contained a mandatory arbitration

provision. The arbitrator issued the Award, which is final and enforceable. No basis exists to resist enforcement of the Award and, thus, it should be confirmed summarily.

**FACTUAL BACKGROUND**

As fully explained in Uber's Motion to Compel Arbitration (ECF No. 9), Mrs. Davide registered for an Uber rider account on January 31, 2014, via the iOS version of the Uber App. *Id*. Holden Decl. ¶ 5; *see also* Declaration of Dylan Tonti ("Tonti Decl") ¶ 4. Before riders may request and pay for third-party transportation services through the Uber App, they must register by creating an Uber account and agreeing to Uber's "Terms and Conditions" or "Terms of Use" ("Terms"), including the Arbitration Agreement. *See* Holden Decl. ¶ 4. When Mrs. Davide completed the registration process, she agreed to Uber's Terms. *See* Holden Decl. ¶¶ 5-8 (describing registration process); Tonti Decl. ¶ 5, Ex. A. She further agreed to Uber's Terms when she continued using the Uber App after being sent notice in November 2016 regarding updates to Uber's Terms. *See* Tonti Decl. ¶¶ 6-7, Exs. B, C.

The Terms contain a section entitled "Arbitration Agreement," which states in part: "You and Uber agree that any dispute, claim or controversy arising out of or relating to (a) these Terms or the existence, breach, termination, enforcement, interpretation or validity thereof, or (b) your access to or use of the Services at any time, whether before or after the date you agreed to the Terms, will be settled by binding arbitration between you and Uber, and not in a court of law." Tonti Decl., Ex. C. The Terms also specify that the American Arbitration Association ("AAA") will oversee any dispute and incorporates the AAA's rules. *Id.*

In accordance with the Terms, on November 13, 2018, Mrs. Davide filed a Demand for Arbitration with the AAA for $80.00, plus interest, costs and attorney's fees. The arbitration is

styled, *Illeana Davide v. Uber*, AAA Case No. 01-18-0004-0273 (the "Arbitration"). Mr. Theodore R. Bayer (the "Arbitrator") was appointed as the sole arbitrator in the Arbitration.

Yet, on January 11, 2019, Mrs. Davide also filed a "Petition for Order Compelling Arbitration" in this Court (the "Federal Action"). In the Federal Action, Mrs. Davide requested arbitration related to the same cleaning fees issues that were already before the arbitrator. ECF No. 1.

Uber responded by filing a Motion to Compel Arbitration ("Motion"), which explained that Plaintiff's "claims" fell within the scope of her agreement to arbitrate any dispute, claim or controversy arising out of or relating to the Terms, or the breach, termination, interpretation or validity thereof or Mrs. Davide's use of Uber's services. ECF No. 9. On March 18, 2019, this Court entered an order granting Uber's Motion, thereby compelling Mrs. Davide's claims to arbitration. ECF No. 11.

On April 16, 2010, a preliminary hearing was held in the Arbitration in which Uber agreed to pay Mrs. Davide $80.00, plus interest at the legal rate, together with the filing fee and service of process charges paid by Mrs. Davide in the Federal Action. Subsequently, on April 17, 2019, the Arbitrator issued the Award finding that: (1) Mrs. Davide shall recover $80.00 plus interest at the legal rate from September 1, 2019, plus the filing fee and service of process charge paid by Mrs. Davide in the Federal Action; and (2) Uber shall pay the administrative fees of the AAA and the Arbitrator's fees. The decision further stated: "this Award is in full settlement of all [Mrs. Davide's] claims submitted to this Arbitration. All claims not expressly granted are hereby denied."

## **ARGUMENT**

### **THIS COURT SHOULD CONFIRM AND ENFORCE THE AWARD UNDER CHAPTER 1 THE FAA**

The Award is subject to confirmation pursuant to Chapter 1 of the FAA. "Congress enacted the FAA to replace judicial indisposition to arbitration with a 'national policy favoring [it] and plac[ing] arbitration agreements on equal footing with all other contracts.'" *Hall St. Associates, L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 581 (2008). Chapter 1 of the FAA governs domestic arbitrations involving interstate commerce and mandates the confirmation of arbitration awards except on specific and limited grounds. *World Bus. Paradise, Inc. v. Suntrust Bank*, 403 Fed. Appx. 468, 469 (11th Cir. 2010) ("[T]he court must confirm the arbitrator's award 'unless [it] is vacated, modified, or corrected as prescribed in sections 10 and 11 of [the statute].'") (emphasis in original); *Frazier v. CitiFinancial Corp., LLC*, 604 F.3d 1313, 1321 (11th Cir. 2010) (same); 9 U.S.C. § 9 ("[A]t any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.") (emphasis added).

"Judicial review of arbitration awards is narrowly limited under the Federal Arbitration Act." *B.L. Harbert Int'l., LLC v. Hercules Steel Co.*, 441 F.3d 905, 909 (11th Cir. 2006). "There is a presumption under the FAA that arbitration awards will be confirmed, and 'federal courts should defer to an arbitrator's decision whenever possible.'" *Frazier*, 604 F.3d at 1321; *B.L. Harbert*, 441 F.3d at 909 (same).

"The FAA 'imposes a heavy presumption in favor of confirming arbitration awards'; therefore, 'a court's confirmation of an arbitration award is usually routine or summary.'" *Cat Charter, LLC v. Schurtenberger*, 646 F.3d 836, 842 (11th Cir. 2011); *see also Careminders Home*

*Care, Inc. v. Concura, Inc.*, 16-10112, 2016 WL 4474680, at *1 (11th Cir. Aug. 25, 2016) ("A proceeding to confirm an arbitration award under Section 9 of the FAA is intended to be summary"); *Dorward v. Macy's Inc.*, 588 Fed. Appx. 951, 953 (11th Cir. 2014) ("court's confirmation of an arbitration award is usually routine or summary"), *cert. denied*, 136 S. Ct. 33 (2015); *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1288 (11th Cir. 2002) (same).

The burden is on the party opposing confirmation – here, Mrs. Davide – to show one of the limited grounds set forth in the FAA applies. *Careminders*, 2016 WL 4474680, at *1 ("confirmation should be withheld only if a party meets its substantial burden under Section 10 or 11 of the FAA"). In the Eleventh Circuit, the grounds found in section 10 of the FAA for vacatur are exclusive. *Frazier*, 604 F.3d at 1323 (11th Cir. 2010); *Hall St.*, 552 U.S. at 586. "[T]he three provisions, §§ 9–11, [can be seen] as substantiating a national policy favoring arbitration with just the limited review needed to maintain arbitration's essential virtue of resolving disputes straightaway." *Hall St.*, 552 U.S. at 588. Accordingly, the party seeking to avoid confirmation or seeking to set aside the award bears the burden of proof to show that one of the grounds for vacatur under section 10 of the FAA apply. *Riccard*, 307 F.3d at 1289 ("The burden is on the party requesting vacatur of the award to prove one of these four bases."); *Spungin v. GenSpring Family Offices, LLC*, 883 F. Supp. 2d 1193, 1195–96 (S.D. Fla. 2012) ("A party seeking to vacate an arbitral award under Section 10 of the FAA bears the burden of asserting sufficient grounds to vacate the award."); *Washington Mut. Bank, F.A. v. Am. Fin. Network*, 414 F. Supp. 2d 1155, 1157 (S.D. Fla. 2006) (same).

Here, no basis under section 10 of the FAA exists to refuse confirmation of the Award and, thus, it should be confirmed summarily.

## Prayer for Relief

WHEREFORE, Uber Technologies, Inc. asks the Court to enter judgment:

- Confirming and enforcing the Consent Award rendered in the Arbitration pursuant to 9 U.S.C. § 201 *et seq.*;

- Awarding Mrs. Davide $80.000 plus interest at the legal rate from September 1, 2019, plus the filing fee and service of process charged paid by Mrs. Davide in the Federal Action;

- Requiring Uber to pay the administrative fees of the AAA, totaling $1,900.00 and the compensation of the Arbitrator, totaling $1500.00;

- Retaining jurisdiction to enforce satisfaction of the judgment as may be necessary; and

- Awarding such other relief as this Court deems just and proper.

## CERTIFICATE OF COUNSEL

Pursuant to S.D. Fla L.R. 7.1(A)(3), Uber's counsel has conferred with Plaintiff and was advised that Plaintiff opposes the relief requested herein.

Dated: April 25, 2019                                   Respectfully Submitted:

**REED SMITH LLP**

By:/s/ *Edward M. Mullins*
Edward M. Mullins (FBN: 863920)
emullins@reedsmith.com
Brandon T. White (FBN: 106792)
bwhite@reedsmith.com
1001 Brickell Bay Drive, 9th Floor
Miami, FL 33131
Phone: 786.747.0222
Fascimile: 786.747.0299
bwhite@reedsmith.com
***Counsel for Defendant Uber Technologies, Inc.***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 25, 2019, a true and correct copy of the foregoing was filed electronically using the Court's CM/ECF system on all registered users of the CM/ECF system and via U.S. Mail to:

Ileana M. Davide, Pro Se
9415 Sunset Drive, #274
Miami, FL 33173

                                               */s/ Edward M. Mullins*
                                               Edward M. Mullins, Esq.